UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 5:11-cr-17-Oc-28PRL

ENRIQUE BORJA-ANTUNES

## ORDER

Defendant's motion (Doc. 91) asking this Court to reconsider its April 23, 2020 Order (Doc. 90) is before the Court for consideration. The Government filed a response to the motion. (Doc. 93). For the reasons stated below, the motion is due to be denied.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

In deciding motions for reconsideration in criminal cases, courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at * 1 (M.D. Fla. Dec. 23, 2019). The grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). These parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

The purpose of a motion for reconsideration is not to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). And, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" Court's ruling. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Defendant claims the Court's April 23, 2020 Order (Doc. 90) is erroneous. He offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice. Defendant argues he has never challenged the Court hearing hearsay evidence at his sentencing and thus, pursuant to 1101(d)(3), this issue has not been decided. The hearsay of which he complains however, was considered in whether the Government met its burden under 21 U.S.C. § 851. The issue of whether the Government met its burden under 21 U.S.C. § 851 has been decided. It was decided at sentencing, affirmed on appeal, and addressed in Defendant's 2255 proceedings. Moreover, Defendant's attorney acknowledged at sentencing that Federal Rule of Evidence 1101(d)(3) was not applicable to sentencing proceedings. (Doc. 62 at 10, l.12-14).

Defendant's Motion for Reconsideration (Doc. 91) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2020.

JOHN ANTOON II
United States District Judge

2

Copies furnished to:
United States Attorney
United States Probation Office
Enrique Borja-Antunes