UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                                       CASE NO. 5:11-cr-17-JA-PRL

ENRIQUE BORJA-ANTUNES

### ORDER

Before the Court is Enrique Borja-Antunes's motion for compassionate release. (Doc. 104). The Government has filed a response in opposition, (Doc. 112), and Borja-Antunes has filed a reply in support of his motion, (Doc. 115). Based on the Court's review of the parties' submissions, the motion is granted.

I. BACKGROUND

In 2011, after a three-day trial, a jury found Borja-Antunes guilty of one count of conspiracy to possess with intent to distribute 50 or more grams of methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of possession with intent to distribute 50 grams or more of methamphetamine under § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Doc. 1; Doc. 45; Doc. 54). Because the offense involved more than 50 grams of methamphetamine and because Borja-Antunes had two prior convictions for

"serious drug felonies"—one in 1992 and another in 1995—the Court sentenced him to life in prison as then mandated by 21 U.S.C. § 841(b)(1)(A). The Court ordered that the sentence be served consecutively to the 63-month sentence imposed on April 6, 2011, for illegal reentry after prior deportation. *See United States v. Borja-Antunez*, No. 8:10-cr-465, (Doc. 20) (M.D. Fla. Dec. 6, 2012).[1]

Much has changed since Borja-Antunes's 2011 sentencing. In 2018, Congress enacted the First Step Act, which, *inter alia*, redefined a "serious drug felony" in relevant part as an offense involving the manufacture, distribution, or possession with intent to distribute a controlled substance for which the defendant "served a term of imprisonment of more than 12 months" and was released from that term of imprisonment "within fifteen years of the commencement of the instant offense." *See* 21 U.S.C. § 802(58)(A) & (B); 18 U.S.C. § 924(e)(2)(A); First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018). Applying the new definition, Borja-Antunes contends that only one of his prior convictions qualifies as a "serious drug felony."

The Act also reduced mandatory minimum sentences for convictions under § 841(b). Now, a defendant with a single prior qualifying serious drug felony conviction is subject to a mandatory minimum sentence of fifteen years imprisonment. 21 U.S.C. § 841(b)(1)(A). Borja-Antunes correctly argues that

---

[1] Throughout trial and sentencing, United States District Judge William Terrell Hodges presided over this action. The case was reassigned to the undersigned in 2020.

2

his 1992 state conviction would not constitute a "serious drug felony" today because in that case he served 60 days in jail and his release from jail was more than 15 years before the commencement of this case. (Doc. 104 at 12). Because of these intervening changes in the law, Borja-Antunes seeks compassionate release, arguing that he is serving an "unusually long sentence," which the United States Sentencing Commission classifies as an "extraordinary and compelling reason" for a sentence reduction. U.S.S.G. § 1B1.13(b)(6).

## II.  LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). The procedure and the factors to be considered in determining whether to grant compassionate release are set forth in 18 U.S.C. § 3582(c).

To grant a request for compassionate release, a court must make specific findings. First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. § 3582(c); *see United States v. Elie*, No. 6:09-cr-

3

50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a). § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

## III. DISCUSSION

### A. Exhaustion

It is undisputed that Borja-Antunes exhausted his administrative rights. He sought a sentence reduction on November 17, 2024. (Doc. 104 at 6). More than thirty days passed since the BOP's receipt of Borja-Antunes's application before he filed the instant motion, and the BOP declined to file a motion on his behalf. (*Id.*).

### B. Extraordinary and compelling reasons

In seeking a sentence reduction, Borja-Antunes relies on U.S.S.G. § 1B1.13(b)(6). (Doc. 104). There is an opportunity for relief under § 1B1.13(b)(6) "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the

4

sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).

Obviously, Borja-Antunes's life sentence is "unusually long." *See, e.g., United States v. Johnson*, No. 2:03-CR-31, 2024 WL 4224520, at *5 (M.D. Fla. Sept. 18, 2024) (collecting cases finding that a life sentence is unusually long). And Borja-Antunes has already served eleven years of that sentence. (Doc. 104 at 3). Finally, "an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6). Thus, all three of the § 1B1.13(b)(6) conditions are satisfied.

As Borja-Antunes argues—and the Government does not dispute—if he were sentenced today, he would be subject to a mandatory minimum sentence of fifteen years rather than life. (Doc. 104 at 12). There is a gross disparity between a sentence of fifteen years and a sentence of life. *See Elie*, 6:09-cr-50 (Doc. 138 at 30) (collecting cases supporting that an eighteen-year difference reflects a "gross disparity").

While rehabilitation alone is insufficient to constitute an extraordinary and compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t); *United States v. Gibson*, No. 4:09cr009 (Doc. 461 at 8, 10–11)

5

(N.D. Fla. Apr. 12, 2024). During Borja-Antunes's eleven years of incarceration for this offense, he has not had any disciplinary infractions. (Doc. 104-1 at 3; Doc. 104-2 at 2; Doc. 104-6 at 2). Since being incarcerated, Borja-Antunes has earned a "Bible Studies diploma" and "an exercise certification," and he has completed a drug abuse education course. (Doc. 104-4 at 1, 3; Doc. 104-6 at 2). Borja-Antunes's conduct while in custody weighs in favor of a finding that there are extraordinary and compelling reasons to reduce his sentence. Thus, under U.S.S.G. § 1B1.13(b)(6) and (d), Borja-Antunes presents extraordinary and compelling reasons to reduce his sentence.

The Government does not contest that Borja-Antunes satisfies the criteria for relief under § 1B1.13(b)(6). However, it argues that § 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its authority in promulgating it. (Doc. 112 at 5, 21–22 (citing § 3582(c)(1)(A) and 28 U.S.C. § 994(a))). In support of its position, the Government raises the same arguments that have already been rejected by courts in the Eleventh Circuit: (1) § 1B1.13(b)(6) conflicts with the text, context, structure, and purpose of § 3582(c)(1)(A) and § 994(a); (2) a nonretroactive change in the law cannot serve as an extraordinary or compelling reason for a sentence reduction; (3) treating intervening changes in the law as extraordinary and compelling reasons for a sentence reduction would undermine the primary purpose of the Sentencing Reform Act; and (4) Congress's failure to reject the Sentencing Commission's determination does not

6

validate that determination.[2] This Court, like others in the Eleventh Circuit, rejects the Government's previously asserted arguments. (*Compare* Doc. 112, with *United States v. McCain*, No. 3:12-cr-34 (Doc. 155 at 5–20) (M.D. Fla. May 2, 2024), and *Elie*, No. 6:09-cr-50 (Doc. 131 at 5–18)).

The Government raises two new arguments here which are also rejected. First, the Government contends that allowing courts to apply nonretroactive changes in the law to particular defendants under § 1B1.13(b)(6) would create sentencing disparities, as only some defendants would receive its benefit. But that argument is nonsensical. U.S.S.G. § 1B1.13(b)(6) reduces sentencing

---

[2] *See, e.g., United States v. Jean*, No. 2:11-CR-97, 2024 WL 3948834, at *3 (M.D. Fla. Aug. 26, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability." (quoting *United States v. Allen*, 717 F. Supp. 3d 1308, 1315 (N.D. Ga. 2024))); *accord United States v. Allen*, No. 2:03-CR-74, 2024 WL 4052904, at *3 (M.D. Fla. Sept. 5, 2024); *United States v. Bizzell*, No. 6:10-CR-145, 2024 WL 1832995, at *1 (M.D. Fla. Apr. 26, 2024); *United States v. McCain*, No. 3:12-cr-34 (Doc. 155 at 5) (M.D. Fla. May 2, 2024) ("[I]n and of itself, a nonretroactive amendment to a sentencing statute is not extraordinary and compelling. . . . But that is not what § 1B1.13(b)(6) authorizes. . . . Rather, the Sentencing Commission determined that such an amendment could lead to an extraordinary and compelling reason for a reduction—namely, a gross disparity between an individual's actual sentence and the sentence he would have received under the amended statute."); *United States v. Elie*, No. 6:09-cr-50 (Doc. 138) (M.D. Fla. May 3, 2024); *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Padgett*, No. 06-cr-13, 2024 WL 676767, at *3 (N.D. Fla. Jan. 30, 2024); *United States v. Joseph*, No. 12-60110-CR, 2024 WL 4341964, at *7 (S.D. Fla. May 15, 2024); *United States v. Franklin*, No. 95-00787-CR, 2024 WL 4295912, at *3 (S.D. Fla. Sept. 18, 2024) (citing *United States v. Adley*, No. 03-20678-CR, 2024 WL 1961484, at *4 (S.D. Fla. May 3, 2024), and *United States v. Ware*, No. 1:97-CR-00009, 2024 WL 1007427, at *4–7 (N.D. Ga. Mar. 6, 2024)); *United States v. Durden*, No. 1:07-CR-0020, 2024 WL 4182591, at *4 (N.D. Ga. May 30, 2024). *But see United States v. Plowright*, No. CR 107-167, 2025 WL 474919 (S.D. Ga. Feb. 11, 2025).

disparities and creates consistency in sentences imposed over time.

Second, the Government relies on the Supreme Court of the United States granting certiorari in *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024), in which the Third Circuit Court of Appeals found that applying § 1B1.13(b)(6) to 18 U.S.C. § 924(c) conflicted with Congress's will and could not be considered in determining whether a prisoner was eligible for compassionate release. But the Third Circuit's *Rutherford* decision is not binding. In this Court's view, § 1B1.13(b)(6) is merely a fulfillment of the Sentencing Commission's congressional mandate to provide a policy statement that guides the Court's discretion. *See Bryant*, 996 F.3d at 1255. Thus, as found by other courts in this circuit, U.S.S.G. § 1B1.13(b)(6) is a valid exercise of the Sentencing Commission's authority and is a binding policy statement. *See, e.g., Elie*, No. 6:09-cr-50 (Doc. 138).

### C. Not a danger to the community

Next, under § 1B1.13(a)(2), the Court must determine whether the "defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The factors in § 3142(g) are: (1) "the nature and circumstances of the offense," (2) "the weight of the evidence," (3) Defendant's "history and characteristics," and (4) "the nature and seriousness of the danger . . . posed by [Defendant's] release." 18 U.S.C. § 3142(g).

While Borja-Antunes has a criminal record that includes traffic violations,

illegal reentry, and the two drug offenses mentioned above, it does not appear that he now poses a threat to the safety of the community. None of his offenses were violent in nature or involved a firearm. And his 1992 drug conviction was for the delivery of ephedrine, an ingredient in some over-the-counter medications. *See, e.g., McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1236 (11th Cir. 2005) (stating that "[e]phedrine occurs naturally in a plant called ma huang and has been used for decades for treating adults and children, especially in over-the-counter medicines").

The Government does not argue that Borja-Antunes presents a danger to the community. During his term of imprisonment, Borja-Antunes has not had a single disciplinary violation. (Doc. 104-2 ¶ 1). As noted above, he has done well in prison, completing a drug abuse education course and earning a "Bible Studies diploma" and a physical fitness certification. (Doc. 104-4 at 1, 3; Doc. 104-6 at 2). He is now 55 years old and he expresses a desire to return home to take over the family cattle farm with the support of his family members who are still involved in his life. (Doc. 104-5 at 1, 6, 9, 12, 15). And importantly, the BOP has determined that Borja-Antunes is at a low risk of recidivism. (Doc. 104-1 at 2–3). The Court finds that if released, Borja-Antunes would not present a danger to the community.

### D.    § 3553 factors

Additionally, the Court must consider the relevant factors under § 3553(a)

9

in determining whether reduction is appropriate. § 1B1.13(a); *see McCain*, No. 3:12-cr-34 (Doc. 155 at 4 & n.2) (explaining that the court must consider § 3553(a) factors only to the extent that they are relevant). Section 3553(a)'s factors are similar to the § 3142(g) factors and include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(1)–(2). A unique factor under § 3553 is "the need to avoid unwarranted sentenc[ing] disparities." *Id.* § 3553(a)(6).

Many of the § 3553 factors are relevant to the Court's finding above that Borja-Antunes is not a danger to the public. It has considered that the nature and circumstances of his crimes of conviction involved methamphetamine, a dangerous controlled substance. It has also considered his history and characteristics. He was the product of an intact farm family in Mexico, and he is mentally and physically healthy. Although he was involved in the distribution of controlled substances, he has not used them. Finally, Borja-Antunes is serving a sentence based on a mandatory minimum that has been greatly reduced—such that similar conduct now carries a mandatory minimum sentence of fifteen years—permitting the Court to alleviate this sentencing disparity between Borja-Antunes and defendants sentenced today.

## IV. CONCLUSION

As discussed, Borja-Antunes has presented "extraordinary and compelling reasons" under § 1B1.13(b)(6) and (d) that merit reduction of his sentence. His release would not endanger the community, and the § 3553 factors favor the reduction in sentence. Accordingly, Borja-Antunes's motion for compassionate release (Doc. 104) is **GRANTED** and his sentence is reduced to fifteen years (180 months).[3] Borja-Antunes's previously imposed terms of supervised release remain unchanged, except to add the condition that under 18 U.S.C. § 3583(d), he will be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate. If deportation is ordered, Borja-Antunes is to remain outside the United States unless authorized by the United States Attorney General.

**DONE** and **ORDERED** on October 3, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Counsel for Defendant
Enrique Borja-Antunes

---

[3] *See* U.S.S.G. § 1B1.10(b)(2)(A) (providing that a sentence reduction must be within the amended guideline range).

11